FILED

1  SHIRLEY D. DEUTSCH (SBN 76230)
   SCHWARTZ & DEUTSCH, LLP
2  One California Plaza
   300 South Grand Avenue, Suite 3900
3  Los Angeles, CA  90071
   Telephone:  (213) 236-9400
4  Facsimile:  (213) 213-236-9499
   Email:      sdeutsch@earthlink.net
5
   Attorneys for Defendants
6  MACY'S WEST STORES, INC. and
   MACY'S CORPORATE SERVICES, INC.
7

2013 JUN 28  PM 2: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA

11  ALICIA STUDENT,                    CV13-04721-MMM (PLAx)
12              Plaintiff,
                                       CASE NO.
13       v.                            NOTICE OF REMOVAL OF
                                       ACTION PURSUANT TO 28
14                                     U.S.C. §§ 1332, 1441 and 1446
    MACY'S WEST, MACY'S
15  CORPORATE SERVICES,                Los Angeles County Superior Court Case
    MACY'S DEPARTMENT STORES           No. BC500468
16  and DOES 1 through 50, inclusive,
17              Defendants.
18

19  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

20  CENTRAL DISTRICT OF CALIFORNIA:

21

22       PLEASE TAKE NOTICE that Defendants MACY'S WEST STORES, INC.

23  (formerly known as "Macy's Department Stores, Inc.") and MACY'S

24  CORPORATE SERVICES, INC. (hereinafter referred to together as "Macy's" and

25  erroneously sued in this action as "Macy's West", "Macy's Corporate Services"

26  and "Macy's Department Stores") hereby remove to this Court the state court action

27

28
                                    1

Schwartz & Deutsch, LLP
Los Angeles

described herein:

## I.    FILING AND SERVICE OF THE COMPLAINT.

1.    On February 4, 2013, Plaintiff Alicia Student ("Plaintiff") commenced an action against Macy's in the Superior Court of the State of California for the County of Los Angeles, Case No. BC500468, entitled "Alicia Student v. Macy's West, Macy's Corporate Services, Macy's Department Stores and Does 1 through 50, inclusive", by filing a Complaint.

2.    Macy's first received a copy of the Summons and Complaint in this action on June 6, 2013. True and correct copies of the Summons and Complaint are attached hereto as Exhibit "A".

3.    On June 6, 2013, Macy's received service of the Summons and Complaint in this action. Receipt of this document constituted the first notice to Macy's that the amount in controversy exceeds $75,000 and that diversity jurisdiction exists.

## II.    THIS COURT HAS DIVERSITY JURISDICTION.

4.    This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 and is one which may be removed pursuant to 28 U.S.C. §1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. More specifically, Plaintiff alleges in Paragraph 18 of her Complaint for Damages (Exhibit "A") that she was terminated because of her

2

Schwartz & Deutsch, LLP
Los Angeles

disability. She further alleges in Paragraph 21 of her Complaint that, as a direct and proximate result of Defendant's conduct, she has suffered "past and future pecuniary losses, emotional pain, loss of self-esteem, stress, anxiety, stigma, loss of future earning capacity, humiliation, and loss of enjoyment of life." In Paragraph 22 of her Complaint for Damages, Plaintiff further alleges that she seeks general and compensatory damages according to proof at trial including "back pay, front pay and emotional distress."

5.     Plaintiff's employment at Macy's West Stores, Inc. was terminated effective March 11, 2011. Plaintiff was paid $17.52 per hour and worked 40 hours per week. These facts are set forth in paragraphs 5-7 of the Declaration of Donna Pohle, filed concurrently herewith. Plaintiff's annual compensation was $36,411.60. As such, the value of Plaintiff's claim for lost earnings from the date of her termination on March 11, 2011 to the present date exceeds $82,000.

6.     Complete diversity of citizenship exists. Plaintiff is a citizen of the State of California, as alleged in her Complaint, Exhibit "A" at paragraph 1. There is no entity known as "Macy's West." However, Macy's West Stores, Inc. was and is a corporation incorporated under the laws of the State of Ohio and having its principal place of business in Cincinnati, Ohio. There is no entity known as "Macy's Corporate Services." However, Macy's Corporate Services, Inc. was and is incorporated in the State of Delaware and has its principal place of business located in Cincinnati, Ohio. These facts are set forth in the Declaration of Linda

3

Schwartz & Deutsch, LLP
Los Angeles

Balicki at paragraphs 7-11.

7.     The filing of this Notice of Removal is within the time period required under 28 U.S.C. §1446(b) in that Macy's first received notice of the facts supporting diversity jurisdiction on June 6, 2013.

8.     Macy's will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. §1446(d) and will file a copy of this Notice of Removal within the law division of the Superior Court of the State of California, County of Los Angeles, as required by that Section.

9.     All other process, pleadings and orders that have been served on Macy's by Plaintiff are attached hereto as Exhibit "B". These documents include the Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Stipulation to Participate in ADR, Stipulation – Early Organizational Meeting, Stipulation – Discovery Resolution, Stipulation and Order – Motions in Limine, Notice to All Counsel and Interested Parties, Information About Alternative Dispute Resolution, Notice of Case Management Conference and Plaintiff's Case Management Statement.

10.    Attached hereto as Exhibit "C" is a true and correct copy of Macy's Answer to Complaint for Damages, filed in the Los Angeles County Superior Court on June 19, 2013.

11.    Venue is proper in this Court because the action is being removed from the Superior Court for the State of California, County of Los Angeles.

4

Schwartz & Deutsch, LLP
Los Angeles

12.     The undersigned counsel for Macy's has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §1446(a).

WHEREFORE, Defendants Macy's West Stores, Inc. and Macy's Corporate Services, Inc. pray that the above action now pending against it in the Superior Court for the County of Los Angeles, be removed to this Court.

Dated:  June 27, 2013                SCHWARTZ & DEUTSCH, LLP

_____
SHIRLEY D. DEUTSCH
Attorneys for Defendants
MACY'S WEST STORES, INC. and
MACY'S CORPORATE SERVICES,
INC.

5

Schwartz & Deutsch, LLP
Los Angeles

# EXHIBIT A

COPY

**SUM ONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** MACY'S WEST, MACY'S CORPORATE
*(AVISO AL DEMANDADO):* SERVICES, MACY'S DEPARTMENT
STORES and DOES 1-50, inclusive

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 04 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**YOU ARE BEING SUED BY PLAINTIFF:** ALICIA STUDENT
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court<br>111 North Hill Street<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 500468 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Darryl M. Lucien, Esq.   SBN 230187        818-906-2500    818-906-0154
Law Offices of Donald S. Lucien
16133 Ventura Boulevard, Suite 680
Encino, California 91436

DATE:  FEB 04 2013   Clerk, by _____, Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MACY'S DEPARTMENT STORES

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Legal Solutions Plus
Code of Civil Procedure §§ 412.20, 465

COPY

1  DARRYL M. LUCIEN, ESQ.  SBN # 230187
   Law Offices of Donald S. Lucien
2  16133 Ventura Boulevard, Suite 680
   Encino, California 91436
3  Telephone (818)  906-2500

4

5  Attorney for Applicant,
   Alicia Student

6

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 0   2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
        SHAURYA WESLEY

8              BEFORE THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                                                    BC 5 0 0 4 6 8

11  ALICIA STUDENT,                   )    LASC CASE NUMBER:
                                      )
12                      Plaintiff,    )
                                      )    COMPLAINT FOR DAMAGES
13  vs.                               )
                                      )    1. Disability Discrimination
14  MACY'S WEST, MACY'S               )       California Government Code §12940(a) et. seq.
    CORPORATE SERVICES,               )
15  MACY'S DEPARTMENT                 )    2. Failure to Engage in a Good Faith, Timely
    STORES and DOES 1-50, inclusive,  )       Interactive Process
16                                    )       California Government Code §12940(n) et. seq.
                                      )
17                                    )    3. Failure to Accommodate
                                      )       California Government Code §12940(m) et. seq.
18                      Defendants.    )
                                      )    4. Failure to Prevent Disability Discrimination
19  _____ )       California Government Code §12940(k) et. seq.

20                                         5. Wrongful Termination in Violation of
                                              Public Policy
21                                            Labor Code § 132 (a)
                                              California Government Code § 12940(a)(m)

22

23

24

25       COMES NOW, Plaintiff ALICIA STUDENT, who complains and alleges as follows:

26                                    PARTIES

27       1.      Plaintiff, ALICIA STUDENT, (hereinafter "STUDENT") is a resident of the State

28  of California in the County of Los Angeles.

                                        1.

2. At all relevant times herein, Plaintiff was an employee of Defendants, and each of them, covered by California Government Code §12940, which prohibits discrimination in employment on the basis of disability, and subjects defendants to suit under California Government Code §12940.

3. Defendant, MACY'S WEST, MACY'S DEPARTMENT STORES, AND MACY'S CORPORATE SERVICES (hereinafter "MACY'S") are subject to suit under California Government Code §12940.

4. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-50, inclusive, and therefore, sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true and correct names and capacities of Doe Defendants when ascertained. Plaintiff is informed and believes and thereon alleges that said Defendants, and each of them, are responsible in whole or part, for Plaintiff's damages as alleged herein.

5. Plaintiff is informed and believes and on such basis alleges that Defendants, and each of them, were the agents and employees of all other Defendants, and approved and/or ratified the conduct of other Defendants, and were acting within the course and scope of such agency and employment.

6. Plaintiff exhausted her administrative remedies by obtaining a timely right to sue notice from the DFEH.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff began her employment with Macy's as a tailor.

8. Plaintiff has been employed with MACYS, as a tailor.

9. Plaintiff's job duties consisted of altering clothes.

10. Plaintiff injured her both knees, both shoulders and her spine in course and scope of his job duties as a tailor.

11. Plaintiff recovered from her injuries and was able to return to her previous position of tailor.

12. Plaintiff's injuries constitutes a physical disability that limits Plaintiff's major life activities. Therefore, Plaintiff is a member of a protected class as defined by the California Fair

2

1  Employment and Housing Act ("FEHA").

2      13. Plaintiff exhausted her administrative remedies by filing or obtaining a Right to Sue from

3  the Department of Fair Employment and Housing.

4

5  <u>I</u>

6  <u>FIRST CAUSE OF ACTION</u>

7  DISABILITY DISCRIMINATION

8  California Government Code §12940(a) et. seq.

9  (Against Defendant MACY'S WEST, MACY'S DEPARTMENT STORES, MACY'S

10  CORPORATE SERVICES and DOES 1-50)

11      14.    Plaintiff hereby incorporates by reference paragraphs 1 through 13, as though fully

12  set forth herein.

13      15.    On information and belief, Plaintiff alleges that, during times material here,

14  defendants have violated the FEHA by discriminating against her on the basis of disability, including

15  but not limited to preventing Plaintiff from working on the basis of disability.

16      16.    Defendant at all times knew that Plaintiff had a physical disability that limited a major

17  life activity.

18      17.    Defendant at all times thought that Plaintiff had a physical disability that limited a

19  major life activity.

20      18.    Plaintiff's disability was a motivating reason for the termination of Plaintiff.

21      19.    Plaintiff is, and all times, was capable of performing the essential duties of her job

22  with and/or without reasonable accommodations.

23      20.    The effect of the above actions and omissions have been to deprive Plaintiff of equal

24  employment opportunities and otherwise adversely affect her status as an employee because of her

25  disability.

26      21.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and/or

27  continues to suffer past and future pecuniary losses, emotional pain, loss of self-esteem, stress,

28  anxiety, stigma, loss of future earning capacity, humiliation, and loss of enjoyment of life.

3

22.     Plaintiff is thereby entitled to and does seek (a) general and compensatory damages in an amount according to proof at trial, including back pay, front pay and emotional distress.

23.     As a result of Defendants' discriminatory conduct, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code §12940, 12965 subdivision (b).

24.     Defendant MACY'S herein cited with a willful or wanton and reckless disregard for the consequences of its conduct upon Plaintiff and with the intent to deprive Plaintiff of her employment rights.  The conduct of Defendant was also malicious and oppressive in that Plaintiff was terminated in violation of Government Code §12940.  On this basis, Plaintiff seeks punitive and exemplary damages from Defendant MACY'S in an amount to be proven at time of trial, for Defendant's wrongful acts as a means of punishing then and by way of example to deter such behavior in the future as being contrary to sound public policy.

## II.

### SECOND CAUSE OF ACTION

### Failure to Engage in a Good Faith, Timely Interactive Process

### California Government Code §12940(n), et. seq.

(Against Defendant MACY'S WEST, MACY'S DEPARTMENT STORES, MACY'S CORPORATE SERVICES and DOES 1-50)

25.     Plaintiff refers to the allegations contained in paragraphs 1 through 24, inclusive, and incorporates each by reference as though fully set forth at length herein.

26.     Having been placed on notice of Plaintiff's disability, MACY's had an affirmative duty to engage in a timely, good faith, interactive process with the Plaintiff, in order to determine effective reasonable accommodations.  Defendants failed to comply with this mandatory duty and thereby violated Plaintiff's rights under the FEHA, in violation of Government Code §12940(n).

27.     Plaintiff contends that their was no interactive meeting.

28.     Plaintiff was capable of performing her essential job duties of his job at the time she was terminated.

4

COMPLAINT FOR DAMAGES

29.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and/or continues to suffer past and future pecuniary losses, emotional pain, loss of self-esteem, stress, anxiety, stigma, loss of future earning capacity, humiliation, and loss of enjoyment of life.

30.     Plaintiff is thereby entitled to and does seek (a) general and compensatory damages in an amount according to proof at trial, including back pay, front pay and emotional distress.

31.     As a result of Defendants' discriminatory conduct, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code §12940, 12965 subdivision (b).

32.     Defendant MACY'S herein cited with a willful or wanton and reckless disregard for the consequences of its conduct upon Plaintiff and with the intent to deprive Plaintiff of her employment rights.  The conduct of Defendant was also malicious and oppressive in that Plaintiff was terminated in violation of Government Code §12940.  On this basis, Plaintiff seeks punitive and exemplary damages from Defendant MACY'S in an amount to be proven at time of trial, for Defendant's wrongful acts as a means of punishing then and by way of example to deter such behavior in the future as being contrary to sound public policy.

### III.

### THIRD CAUSE OF ACTION

### Failure to Accommodate

### Cal. Gov. Code § 12940(m), et. seq.

(Against Defendant MACY'S WEST, MACY'S DEPARTMENT STORES, MACY'S CORPORATE SERVICES and DOES 1-50)

33.     Plaintiff refers to the allegations contained in paragraphs 1 through 32, inclusive, and incorporates each by reference as though fully set forth at length herein.

34.     Plaintiff was at all times material hereto an employee covered by California Government Code §12940, et seq, prohibiting discrimination on the basis of physical disability and prohibiting an employer's refusal to reasonably accommodate qualified disabled employees.

35.     On or about March 19, 2008, and continuing thereafter, Defendants, through their

5

1   agents, employees and supervisors, were placed on notice of Plaintiff's disability and his need for
2   a reasonable accommodation.

3       36.    Defendant, MACY's could have accommodated Plaintiff in her occupation as a tailor.

4       37.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and/or
5   continues to suffer past and future pecuniary losses, emotional pain, loss of self-esteem, stress,
6   anxiety, stigma, loss of future earning capacity, humiliation, and loss of enjoyment of life.

7       38.    Plaintiff is thereby entitled to and does seek (a) general and compensatory damages
8   in an amount according to proof at trial, including back pay, front pay and emotional distress.

9       39.    As a result of Defendant's discriminatory conduct, Plaintiff has been compelled to
10  retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to
11  California Government Code §§12940, 12965 subdivision (b).

12      40.    Defendant MACY'S herein cited with a willful or wanton and reckless disregard for
13  the consequences of its conduct upon Plaintiff and with the intent to deprive Plaintiff of her
14  employment rights.  The conduct of Defendant was also malicious and oppressive in that Plaintiff
15  was terminated in violation of Government Code §12940. On this basis, Plaintiff seeks punitive and
16  exemplary damages from Defendant MACY'S in an amount to be proven at time of trial, for
17  Defendant's wrongful acts as a means of punishing then and by way of example to deter such
18  behavior in the future as being contrary to sound public policy.

19

20  **IV**

21  **FOURTH CAUSE OF ACTION**

22  **Failure to Prevent Disability Discrimination**

23  **California Government Code §12940(k), et. seq.**

24  (Against Defendant MACY'S WEST, MACY'S DEPARTMENT STORES, MACY'S
25  CORPORATE SERVICES and DOES 1-50)

26      41.    Plaintiff refers to the allegations contained in paragraphs 1 through 40, inclusive, and
27  incorporates each by reference as though fully set forth at length herein.

28      42.    Plaintiff was at all times material hereto an employee covered by <u>California</u>

6

1    Government Code §12940, et seq, prohibiting discrimination on the basis of physical disability and

2    prohibiting an employer's refusal to reasonably accommodate qualified disabled employees.

3        43.    Defendant was, and is at all times material hereto, an employer within the meaning

4    of California Government Code §12940, et seq, and, as such, is prohibited from discriminating

5    against and refusing to accommodate qualified employees.

6        44.    From 2008 until after the termination of Plaintiff, MACY's through its employees,

7    agents, officers, and managing agents owed a duty of care to Plaintiff, to prevent discrimination on

8    the basis of disability.

9        45.    That during such time, MACY's breached its duty to Plaintiff and failed to prevent

10   discrimination on the basis of disability.

11       46.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and/or

12   continues to suffer past and future pecuniary losses, emotional pain, loss of self-esteem, stress,

13   anxiety, stigma, loss of future earning capacity, humiliation, and loss of enjoyment of life.

14       47.    As a result of Defendants' discriminatory conduct, Plaintiff has been compelled to

15   retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to

16   California Government Code §12940, 12965 subdivision (b).

17       48.    Defendant MACY'S herein cited with a willful or wanton and reckless disregard for

18   the consequences of its conduct upon Plaintiff and with the intent to deprive Plaintiff of her

19   employment rights. The conduct of Defendant was also malicious and oppressive in that Plaintiff

20   was terminated in violation of Government Code §12940. On this basis, Plaintiff seeks punitive and

21   exemplary damages from Defendant MACY'S in an amount to be proven at time of trial, for

22   Defendant's wrongful acts as a means of punishing then and by way of example to deter such

23   behavior in the future as being contrary to sound public policy.

24                                            **V**

25                            **FIFTH CAUSE OF ACTION**

26                  **Wrongful Termination Violation of Public Policy**

27          (Against Defendant MACY'S WEST, MACY'S DEPARTMENT STORES, MACY'S

28                        CORPORATE SERVICES and DOES 1-50)

                                              7

49.     Plaintiff refers to the allegations contained in paragraphs 1 through 48, inclusive, and incorporates each by reference as though fully set forth at length herein.

50.     Plaintiff, while employed by the MACY's, sustained injury to her physical condition in the course and scope of employment.  Plaintiff filed a Workers' Compensation case with the Workers' Compensation Appeals Board.

51.     MACY's terminated Plaintiff for her disability/restrictions, and conclusions that Plaintiff could not work as a tailor.

52.     Plaintiff is informed and believes an thereon alleges that she was discriminated because of her disability, and/or for filing a Workers' Compensation case, and/or being injured in the course and scope of employment, resulting in an adverse working condition and/or wrongful termination.  Plaintiff was also terminated because of her disability.

53.     Plaintiff's termination was wrongful and was in violation of the Public Policy of the State of California in that:

(1) Labor Code Section 132(a) makes it illegal for an employer to discriminate, discharge or make other adverse employment actions against an employee

(A) for filing a workers' compensation case,

(B) who is injured in the course and scope of employment;

(2) Government Code Section 12940(a) declares that it is against the Public Policy of the State of California to discriminate against an employee on the basis of their disability.

54.     Said Public Policies are fundamental, of benefit to the public, and are set forth in the Labor Code and Government Code, as aforepled.  Said statutes are binding on the employer Defendants.

55.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and/or continues to suffer post and further pecuniary losses, emotional pain , loss of self-esteem, stress, anxiety, stigma loss of future earning capacity, humiliation, and loss of enjoyment of life.

56.     Plaintiff is thereby entitled to and does seek (a) general and compensatory damages in an amount according to proof at trial, including back pay, emotional distress.

57.     Defendant MACY'S herein cited with a willful or wanton and reckless disregard for

8

the consequences of its conduct upon Plaintiff and with the intent to deprive Plaintiff of her employment rights. The conduct of Defendant was also malicious and oppressive in that Plaintiff was terminated in violation of Government Code §12940. On this basis, Plaintiff seeks punitive and exemplary damages from Defendant MACY'S in an amount to be proven at time of trial, for Defendant's wrongful acts as a means of punishing then and by way of example to deter such behavior in the future as being contrary to sound public policy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

### AS TO ALL CAUSES OF ACTION:

1.      Plaintiff be awarded general and compensatory damages, including lost wages, in an amount according to proof at trial;

2.      Prejudgment interest on the sum of damages awarded, calculated from the date of the initial denial of reasonable accommodations, to the date of judgment, in an amount according to proof at trial;

3.      Injunctive relief, requiring: (a) that all MACY'S supervisors/and or Managers within MACY's be required to undergo training regarding the duties of employers with respect to the treatment of disabled employees; (b) that MACY's be ordered to enforce its internal policies and procedures in a non-discriminatory fashion.

4.      Interest on the sum of damages awarded, calculated from the date of incident to the date of judgment.

5.      That all issues herein be determined by a jury;

6.      Such other and further relief as the Court may deem just and proper.

### ON ALL CLAIMS FOR RELIEF FOR CAUSES OF ACTION 1-5:

1.      That Plaintiff recover from Defendants the costs and attorneys' fees incurred in the prosecution of this action, pursuant to Government Code §§ 12940, 12965 subdivision (b), and the

9



1   Code of Civil Procedure.

2

3   Dated: February 4, 2013                          LAW OFFICES OF DONALD S. LUCIEN

4

5                                         By: _____

6                                             DARRYL M. LUCIEN, ESQ.
                                              Attorneys for Plaintiff
7                                             Alicia Student

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        10

# EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Darryl M. Lucien, Esq.  SBN 230187
Law Offices of Donald S. Lucien
16133 Ventura Boulevard, Suite 680
Encino, California 91436

TELEPHONE NO.: 818-906-2500   FAX NO.: 818-906-0154
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME: Student vs. Macy's West, et al

**CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 04 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 5 0 0 4 6 8 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action *(specify)*: 5

5. This case [ ] is [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2.4.2013

Darryl M. Lucien, Esq.  SBN 230187
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

*Legal Solutions Plus*

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| SHORT TITLE: Student vs. Macy's West, et al | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL [  ] HOURS/ [10] DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons (See Step 3 Above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Student vs Macy's West, et al | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., ②, 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ A6032  Quiet Title | 2., 6. |
| | ☐ A6060  Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Student vs. Macy's West, et al | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Student vs. Macy's West, et al | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 14000 Riverside Drive, |
|---|---|
| CITY: Sherman Oaks | STATE: CA | ZIP CODE: 91423 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Superior___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 2/4/2013

(SIGNATURE OF ATTORNEY/FILING PARTY)

Darryl M. Lucien, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# EXHIBIT C

1   SHIRLEY D. DEUTSCH (SBN 76230)
    SCHWARTZ & DEUTSCH, LLP
2   One California Plaza
    300 South Grand Avenue, Suite 3900
3   Los Angeles, CA 90071
    Telephone:    (213) 236-9400
4   Facsimile:    (213) 236-9499
    Email:       sdeutsch@earthlink.net
5
    Attorneys for Defendants
6   MACY'S WEST STORES, INC. and MACY'S
    CORPORATE SERVICES, INC.
7

**CONFORMED COPY**
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

**JUN 19 2013**

John A. Clarke, Executive Officer/Clerk
BY_____, Deputy
Nancy Alvarez

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

### FOR THE COUNTY OF LOS ANGELES

10

11   ALICIA STUDENT,

12                    Plaintiff,

13        v.

14   MACY'S WEST, MACY'S CORPORATE
15   SERVICES, MACY'S DEPARTMENT
     STORES and DOES 1 through 50,
16   inclusive,

17                    Defendants.

CASE NO. BC500468

Complaint Filed February 4, 2013

Assigned For All Purposes to
The Honorable Ronald Sohigian

**ANSWER TO COMPLAINT FOR DAMAGES**

Trial Date:  None Set

18

19        Defendant Macy's West Stores, Inc. (formerly known as "Macy's Department Stores,

20   Inc.") and Macy's Corporate Services, Inc. (hereinafter referred to together as "Macy's" and

21   erroneously sued in this action as "Macy's West", "Macy's Corporate Services" and "Macy's

22   Department Stores"), for themselves alone and for no others, answer the Complaint for Damages

23   filed by Plaintiff Alicia Student as follows:

24

25        1.        Pursuant to Code of Civil Procedure §431.30(d), Macy's denies generally and

26   specifically each and every allegation contained in the Complaint and further denies that Plaintiff

27   has been damaged in the sum alleged, or at all.  Macy's further denies that Plaintiff is entitled to

28

Schwartz & Deutsch, LLP
Los Angeles

1

1    relief of any kind.

2                           **DEFENSES**

3                         **FIRST DEFENSE**

4         2.      For a first defense, Macy's alleges that the Court lacks jurisdiction to decide
5
6    Plaintiff's claims, as Plaintiff and Macy's agreed to arbitrate disputes arising out of the
7    employment relationship, including the claims asserted in this action.   Macy's hereby asserts, and
8    does not waive, its right to compel arbitration pursuant to the parties' agreement and Macy's
9    reliance thereon.

10                        **SECOND DEFENSE**

11        3.      For a second defense, Macy's alleges that the Complaint, and each and every
12
13   purported cause of action contained therein, fails to state facts sufficient to constitute a cause of
14   action and fails to state a claim upon which relief may be granted.

15                         **THIRD DEFENSE**

16        4.      For a third defense, Macy's alleges that the Complaint, and each and every
17   purported cause of action contained therein, fails to state facts sufficient to state a claim for
18   punitive damages.  Plaintiff has failed to plead facts sufficient to support a finding of oppression,
19   fraud and/or malice as required by California Civil Code §3294.  Furthermore, no officer, director
20   or managing agent of Macy's committed any oppressive, fraudulent or malicious acts with respect
21   to Plaintiff, nor did they engage in despicable conduct with respect to Plaintiff, nor did they
22   authorize or ratify any such acts.

23
24                        **FOURTH DEFENSE**

25        5.      For a fourth defense, Macy's alleges that Plaintiff's Complaint, and each and every
26   purported cause of action set forth therein, cannot be maintained because Macy's conduct was
27
28   justified, motivated by good faith and legitimate, non-discriminatory business reasons, protected

                                2

1    by the managerial privilege and/or otherwise privileged.

2                              **FIFTH DEFENSE**

3        6.    For a fifth defense, Macy's alleges that Plaintiff's claims are barred in whole or in

4    part by her failure to fully and timely exhaust the administrative remedies set forth in the Fair

5

6    Employment and Housing Act prior to commencing suit, as required by Government Code

7    §12960(b), et seq.

8                              **SIXTH DEFENSE**

9        7.    For a sixth defense, Macy's alleges that the Complaint, and each and every

10   purported cause of action contained therein, is barred in whole or in part to the extent the

11   allegations exceed the scope of the complaint, if any, filed by Plaintiff with the Department of

12   Fair Employment and Housing.  By asserting new claims in this lawsuit, Plaintiff deprived the

13   administrative agency of the opportunity to consider those claims in the first instance.

14

15                            **SEVENTH DEFENSE**

16       8.    For a seventh defense, Macy's alleges that Plaintiff's claims are barred, in whole

17   or in part, by the applicable statutes of limitation, including but not limited to the provisions of

18   Government Code §12960.

19                             **EIGHTH DEFENSE**

20       9.    For an eighth defense, Macy's alleges that if Plaintiff suffered any emotional,

21

22   mental and/or physical injury (and Macy's denies that Plaintiff suffered any such injury), the

23   emotional, mental and/or physical injury was proximately caused in whole or in part by the acts

24   and/or omissions of persons and entities other than Macy's, including Plaintiff.

25                              **NINTH DEFENSE**

26       10.   For a ninth defense, Macy's alleges that if Plaintiff suffered any emotional, mental

27   or physical injury (and Macy's denies that Plaintiff suffered any such injury), the emotional,

28

3

1   mental or physical injury was proximately caused in whole or in part by the acts and/or omissions

2   of persons and entities other than Macy's.  Macy's is entitled to an allocation of any non-

3   economic damages pursuant to Civil Code §1431.2.

### TENTH DEFENSE

5
6   11.   For a tenth defense, Macy's alleges that Plaintiff has waived her right to pursue the

7   claims set forth in the Complaint.

### ELEVENTH DEFENSE

9   12.   For an eleventh defense, Macy's alleges that Plaintiff is estopped from pursuing

10  the claims set forth in the Complaint.

### TWELFTH DEFENSE

13.   For a twelfth defense, Macy's alleges that Plaintiff is barred from maintaining her

claims by unclean hands, including but not limited to her violation of Macy's policies.

### THIRTEENTH DEFENSE

14.   For a thirteenth defense, Macy's alleges that Plaintiff's claims are barred by the

doctrine of laches.

### FOURTEENTH DEFENSE

15.   For a fourteenth defense, Macy's alleges that to the extent it acquires evidence of

wrongdoing by Plaintiff that would have led to her termination, such after-acquired evidence shall

bar Plaintiff's claims and/or damages in whole or in part.

### FIFTEENTH DEFENSE

16.   For a fifteenth defense, Macy's alleges that the Complaint, and each cause of

action set forth therein, is barred by the doctrine of avoidable consequences.

### SIXTEENTH DEFENSE

17.   For a sixteenth, separate and affirmative defense, Macy's alleges that the

4

Schwartz & Deutsch, LLP
Los Angeles

Complaint, and each cause of action set forth therein, is barred in whole or in part because Macy's exercised reasonable care to prevent and correct any discriminatory or unlawful behavior. Plaintiff unreasonably failed to take advantage of such preventative or corrective opportunities and/or otherwise failed to avoid harm.

### SEVENTEENTH DEFENSE

18.     For a seventeenth defense, Macy's alleges that it is entitled to an offset or reduction in damages in the amount of any and all benefits received by Plaintiff, including her recovery of workers' compensation benefits, if any.

### EIGHTEENTH DEFENSE

19.     For an eighteenth defense, Macy's alleges that Plaintiff's claims are barred in whole or in part by her breach of duties owed to Macy's.

### NINETEENTH DEFENSE

20.     For a nineteenth defense, Macy's alleges that Plaintiff's claim for punitive and/or exemplary damages is barred because the provisions of California law allowing for an award of punitive and/or exemplary damages and the substantive rules, procedures, and/or standards for determining whether or not to award them and, if so, in what amount, violate its right to protection under Article I, Section 17 of the California Constitution and violate its right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTIETH DEFENSE

21.     For a twentieth defense, Macy's alleges that Plaintiff's claims are barred, in whole or in part, to the extent that the Workers' Compensation Act, Labor Code §3200, et seq., provides the exclusive remedy for injuries suffered in the course and scope of her employment.

### TWENTY-FIRST DEFENSE

22.     For a twenty-first defense, Macy's alleges that any recovery to which Plaintiff

5

might be entitled must be reduced by reason of Plaintiff's failure to use reasonable diligence in mitigating her claimed damages.

### TWENTY-SECOND DEFENSE

23.     For a twenty-second defense, Defendant alleges that California's system of imposing and calculating emotional distress damages is unconstitutional under State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), and the federal and state Constitutions.

### TWENTY-THIRD DEFENSE

24.     For a twenty-third defense, Macy's alleges that, if it failed to grant any requests by Plaintiff for accommodation, such accommodations were unreasonable and/or would have been an undue hardship.

### TWENTY-FOURTH DEFENSE

25.     For a twenty-fourth defense, Macy's alleges that Plaintiff failed to initiate the interactive process with respect to her alleged disability and need for accommodations.

### TWENTY-FIFTH DEFENSE

26.     As a twenty-fifth defense, Macy's alleges it would have taken the disputed personnel actions in any event, notwithstanding Plaintiff's alleged disability and accommodation requests.

### TWENTY-SIXTH DEFENSE

27.     For a twenty-sixth defense, Macy's alleges that the Complaint does not describe the facts and claims asserted with sufficient particularity to permit it to ascertain what other defenses may exist.  Macy's will rely upon any and all defenses arising during discovery in this action and reserves the right to amend this Answer for purposes of asserting such defenses.

WHEREFORE, Defendants Macy's West Stores, Inc. and Macy's Corporate Services,

Inc. pray that:

1. The Complaint be dismissed in its entirety and with prejudice;

2. Plaintiff take nothing by way of her Complaint;

3. Judgment be entered in favor of Macy's and against Plaintiff;

4. Macy's recover its costs of suit and attorneys' fees to the extent permitted by law; and

5. The Court award such other and further relief as it deems proper.

Dated: June 19, 2013

SCHWARTZ & DEUTSCH, LLP

SHIRLEY D. DEUTSCH
Attorneys for Defendants
MACY'S WEST STORES, INC. and MACY'S
CORPORATE SERVICES, INC.

7

ANSWER TO COMPLAINT

# PROOF OF SERVICE

## *(Code of Civil Procedure §1013A(3))*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is One California Plaza, 300 South Grand Avenue, Suite 3900, Los Angeles, California 90071.

On June 19, 2013, I served the following document described as:

### ANSWER TO COMPLAINT FOR DAMAGES

on the interested party(ies) in this action,

 XXX  by placing _____the original  XXX   true copies thereof enclosed in sealed envelopes addressed as follows:

Darryl M. Lucien, Esq.
Law Offices of Donald S. Lucien
16133 Ventura Boulevard, Suite 680
Encino, CA  91436

XXX   BY MAIL:  I am readily familiar with this firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at a Postal Service collection box at 300 South Grand Avenue, Los Angeles, California 90071 in the ordinary course of business. The envelope was sealed and placed for collection that same day following ordinary business practices.

Executed on June 19, 2013 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SHIRLEY D. DEUTSCH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

## CV13- 4721 MMM (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

**I.(a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Alicia Student

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Macy's West Stores, Inc.    Macy's Corporate Services, Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Darryl Lucien, Esq.;·Law Offices of Donald Lucien
16133 Ventura Blvd. Suite 680
Encino, CA 91436
(818) 906-2500

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Shirley D. Deutsch, Schwartz & Deutsch, LLP
300 So. Grand Avenue, Suite 3900
Los Angeles, CA 90071
(213) 236-9400

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1332, 1441 and 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:  Case Number:** CV13-04721

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

CV-71 (02/13)    CIVIL COVER SHEET    Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Ohio |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: 6 – 26 – 13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |